UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES LINDSEY #256676,

    Plaintiff,

v.                                                                      Case No. 2:16-cv-30
                                                                       HON.  GORDON J. QUIST

RICK WERTANEN, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by former state prisoner James Lindsey pursuant to 42 U.S.C. § 1983. Plaintiff asserts various constitutional and state-law claims against Michigan Department of Corrections (MDOC) employees Rick Wertanen, Ty Hyatt, and Jody Karppinen. Defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (ECF No. 60).  Plaintiff has responded.  (ECF No. 62).  This matter is now ready for decision.

In 2014, Plaintiff was incarcerated at Baraga Correctional Facility (AMF).  On June 12, 2014, Defendant Wertanen announced on the loud speaker that Plaintiff had a dental call out. Plaintiff alleges that Defendant Karppinen called Plaintiff a "baby raper" and told him they were going to "get him."  Shortly thereafter, Defendants Wertanen and Hyatt went to Plaintiff's cell, placed him in belly chains, and began to escort him to the call out.  While Plaintiff was being escorted, he encountered Defendant Karppinen and an altercation ensued.  Plaintiff alleges that someone yelled, "let's do it," and then Defendants attacked him.  Specifically, Plaintiff claims that Defendant Hyatt pulled him back by the restraints and slammed him to the ground, while Defendant Wertanen kicked him in the face.  Plaintiff also alleges that Defendant Wertanen

sprayed him with pepper spray. As a result, Plaintiff suffered a cut on his face and had several bruises.

Defendants dispute Plaintiff's version of events. They contend that the altercation started after Plaintiff shouted, "I'm going to get you now bitch," and lunged at Defendant Karppinen. Plaintiff also began kicking and attempting to bite Defendants. When Plaintiff refused to comply with Defendants' orders to get on the ground, Defendant Hyatt took him to the ground by pulling on his restraints and Defendant Wertanen sprayed him with pepper spray. Defendants Wertanen and Hyatt were treated for minor injuries stemming from the altercation.

Following the altercation, Plaintiff was charged with three misconducts—one charge for threatening Defendant Karppinen, one charge for assaulting Defendant Wertanen, and one charge for assaulting Defendant Hyatt. At a Class I misconduct hearing, the hearing officer found Plaintiff guilty of threatening Defendant Karppinen and assaulting Defendant Wertanen, However, the hearing officer dismissed the charge of assaulting Defendant Hyatt because the evidence did not establish that Plaintiff made physical contact with Defendant Hyatt. Plaintiff was also subsequently criminally charged with three counts of assault on a prison employee; however, it is unclear how those charges were ultimately resolved.[1]

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The

---

[1] Defendants submitted only a copy of the felony complaint in the criminal case. (ECF No. 61-5).

nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252; *see also Leahy v. Trans Jones*, Inc., 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); cf. *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants assert that they are entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable

when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In making a qualified immunity determination, the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 232. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*.

Plaintiff first asserts an excessive force claim against Defendants. The parties appear to dispute whether the excessive force claim should be analyzed under the Fourth Amendment or the Eighth Amendment.[2] In *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013) (citations omitted), the Sixth Circuit clarified that, "[t]he Fourth Amendment's prohibition against unreasonable seizures bars excessive force against free citizens, . . . while the Eighth Amendment's ban on cruel and unusual punishment bars excessive force against convicted persons." Because Plaintiff's excessive force claim arose while he was serving a sentence on a criminal conviction, the undersigned will apply the Eighth Amendment framework to his excessive force claim.

"The Eighth Amendment proscribes the unnecessary and wanton infliction of pain against prisoners." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). An Eighth Amendment claim consists of a subjective and an objective component. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014). In the excessive force context, the relevant inquiry for the subjective component is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). "The

---

[2] Plaintiff construes the claim under the Fourth Amendment, while Defendants construe the claim under the Eighth Amendment claim.

objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

Defendants argue that they are entitled to summary judgment because the evidence "clearly demonstrate[s] that the Plaintiff was being assaultive and combative during the escort and that the use of force was necessary and reasonable to regain control of the prisoner." (ECF No. 61, PageID.286). As Defendants correctly point out, the critical incident report, the misconduct report, the sworn statements of Defendants, and the sworn statement of another prison employee all support their version of events—that Plaintiff lunged at Defendant Karppinen and that Plaintiff refused to obey Defendants' commands.[3] Defendants also contend that "Plaintiff has provided no evidence that would support his bogus allegations that the Defendants assaulted or unnecessarily administered force against him." (*Id.*) However, in his sworn deposition, Plaintiff stated:

> So I came out, and once I got to the door, that's when everything took place. That's when everything took place. They rushed me. Karppinen told them to get me and everything and it was massive, a whole bunch of commotion. I was handicapped in cuffs. Wertanen started stomping me. Well, first Hyatt slammed me -- he grabbed me, picked me up, and just slammed me. Hyatt real big so he grabbed me, picked me up, and just slammed me on my head like mmmm. And then Wertanen ran over there and just start boom, boom, boom, hitting me in my face.
>
> So I tried to turn like this and by Hyatt being on me, I can't move at all because he's so big. He covered my whole body and his face like on this side. So since he couldn't kick me no more on my face, he came on this side and then he bent down and just started hitting me in my face like mmm, mmm, mmm, three more times, and as soon as he did that he pulled out his mace and just started spraying me for no reason, just started spraying for no reason, this is how you do things. He just started doing it, spraying the whole bottle like it was shampoo, he started spraying me.

(ECF No. 62-2, PageID.432).

---

[3] Defendants do not argue that any of the findings made during the Class I misconduct hearing are entitled to any preclusive effect. Thus, the undersigned does not address that issue.

Of course, if Defendants attacked Plaintiff, then Defendants could not have been making a good-faith effort to maintain or restore discipline. However, if Plaintiff initiated the attack and continued to resist and kick Defendants, then Defendants likely would have been making a good-faith effort to maintain or restore discipline. Ultimately, this is a question of fact that must be decided at trial. Even assuming that Plaintiff initiated the altercation, there is a question of fact as to whether Defendants' use of force was still excessive. In addition, whether Defendants' conduct violated clearly established law turns on these factual determinations. "[I]f genuine issues of material fact exist as to whether the officer committed acts that would violate a clearly established right, then summary judgment is improper." *Bletz v. Gribble*, 641 F.3d 743, 749 (6th Cir. 2011)(citing *Poe v. Haydon*, 853 F.2d 418, 425-26 (6th Cir.1988)). Therefore, in the opinion of the undersigned, Defendants are not entitled to summary judgment on Plaintiff's excessive force Eighth Amendment claim.

Plaintiff next asserts a retaliation claim against Defendants. He alleges that as a result of prior grievances, Defendants "employed unreasonable force against him and that [Defendant] Hyatt improperly used legal process against him." (ECF No. 62, PageID.419). Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* "If the prisoner can show that the defendants' adverse action was at least partially motivated by the prisoner's protected conduct, then the burden shifts to the

defendants to show that they would have taken the same action even absent such protected conduct." *Hill v. Lappin*, 630 F.3d 468, 475 (6th Cir. 2010).

Defendants argue that Plaintiff has failed to establish all three elements of a retaliation claim. In the opinion of the undersigned, Plaintiff likely satisfies the second element; however, he fails to present sufficient evidence to establish the first and third elements—that he was engaged in protected conduct and that the adverse action was motivated by the protected conduct.

"As to the first element, '[a]n inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf.'" *Maben v. Thelen*, — F.3d —, No. 17-1289, 2018 WL 1599335, at *6 (6th Cir. Apr. 3, 2018) (citing *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). Here, Defendants contend that "Plaintiff has failed to demonstrate that that he engaged in any protected conduct prior to June 12, 2014, that could have been perceived as the basis of the alleged retaliation." (ECF No. 60, PageID.287). In response, Plaintiff cites to his deposition in which he testified that "he was always protesting and writing grievances on corrupt stuff." (ECF No. 62-2, PageID.432). However, Plaintiff fails to present any evidence of any specific grievances or complaints. He does not offer any information regarding the dates of the grievances, the subject matter of the grievances, or the prison officials that the grievances were filed against. In the opinion of the undersigned, Plaintiff's broad statement that he was always filing grievances and complaints, standing alone, is insufficient to establish that he was engaged in protected conduct.

As to the third element, Plaintiff has the initial burden of establishing that his protected conduct was a motivating factor behind the adverse action. *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999). Because the undersigned finds that Plaintiff has failed to establish

that he was engaged in protected conduct, he cannot establish that the protected conduct was a motivating factor behind the adverse action. Nonetheless, even assuming that Plaintiff was engaged in the protected conduct of filing grievances, he fails to establish that the protected conduct was a motivating factor behind the use of unreasonable force and the use of legal process. According to Plaintiff's version of events, Defendant Karppinen initiated the attack by yelling "get him." There is no evidence that Plaintiff filed any grievances against Defendant Karppinen until after the June 12, 2014 incident or that Defendant Karppinen was aware of any of Plaintiff's other grievances (assuming that Plaintiff filed other grievances). Moreover, there is no evidence of any temporal proximity between any grievance and the alleged retaliatory acts. *See Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir.2004) ("[T]emporal proximity alone may be significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.") (internal quotation marks omitted). In an attempt to meet his burden, Plaintiff cites to his deposition in which he testified as follows:

> And then the next thing, I'd say hours passed and here come Wertanen and here come Hyatt. They walking down the rock because they put me in a cell where -- my cell is the only cell that the camera couldn't see because if I'm like in front of the -- if I'm looking out my window the camera like right there, so the camera can't see my cell but it can see every other cell in the unit.
>
> And they told me specifically they put me in that cell just to mess on me because I was always protesting and writing grievances on corrupt stuff that they was always doing to me. And not just me but everybody else that they were doing it to in the vicinity, in the -- you know what I'm saying, on the rock. And if you protest against them they coming at you hard. Just like our black leaders back in the days, Malcolm X and, you know, they assassinated him because they was protesting doing things that was right.
>
> And that's what I was doing, and I seen a reflection of it and they were doing me the same way because I was always writing grievances, and they do not like people writing grievances there at

> all. You write a grievance – they tell you to your face you write grievances and you've got something.

(ECF No. 62-2, PageID.432). However, Plaintiff's testimony regarding his cell placement occurred hours after the original incident. Notably, Defendant Karppinen, who allegedly initiated the attack, was not part of this conversation. In the opinion of the undersigned, Plaintiff has failed to present sufficient evidence to establish that any of his grievances were a motivating factor behind Defendants' use of force or legal process. Because Plaintiff has failed to establish that he was engaged in protected conduct and that the adverse acts were motivated by the protected conduct, the undersigned recommends that Defendants be granted summary judgment on Plaintiff's retaliation claim.

Plaintiff also asserts several state-law claims against Defendants. First, Plaintiff asserts an assault and battery claim against Defendants based on the June 12, 2014 incident. For the same reasons as the Eighth Amendment claim, the undersigned finds that Defendants are not entitled to summary judgment on the assault and battery claim.

Next, Plaintiff asserts an abuse of process claim against Defendant Hyatt. "To recover upon a theory of abuse of process, a plaintiff must plead and prove (1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v. Dozorc*, 312 N.W.2d 585, 594 (Mich. 1981) (citing *Spear v. Pendill*, 164 Mich. 620, 623, 130 N.W. 343 (1911)). "Simply instituting legal proceedings, even if for improper purposes, is insufficient to state an abuse-of-process claim." *Peltola v. Bennett*, 2010 WL 4739483, at *3 (E.D. Mich. 2010) (citing *Friedman*, 312 N.W.2d at 585). Here, Plaintiff's abuse of process claim is based on Defendant Hyatt charging Plaintiff with a misconduct for assaulting him. The hearing officer dismissed this misconduct because the evidence during the misconduct hearing did not establish that Plaintiff assaulted Defendant Hyatt. In the opinion of the undersigned, Plaintiff has

failed to present sufficient facts to establish Defendant Hyatt had an ulterior purpose and that the use of process was improper.

Finally, Plaintiff asserts defamation, libel and slander claims against Defendant Karppinen. This claim is based on Defendant Karppinen calling Plaintiff a "baby-raper" moments before the June 12, 2014 altercation. In his brief, Plaintiff explains, "[a] plaintiff must show that a defendant made the statement of fact complained of to a third person, and the statement was of and concerning the plaintiff, and the statement was false in some material respect, and the statement had a tendency to harm the plaintiff's reputation, and as a result of the statement, the plaintiff suffered some damage." (ECF No. 62, PageID.425)(citing *Rouch v Enquirer & News of Battle Creek*, 487 N.W.2d 205 (1992); *Locricchio v Evening News Ass'n*, 476 N.W.2d 112 (1991)). However, Plaintiff fails to present any evidence to establish that Defendant Karppinen told any third party that Plaintiff was a baby raper. Instead, it appears that Plaintiff was the only person to hear the name-calling. Therefore, in the opinion of the undersigned, Defendants are entitled to summary judgment on the Plaintiff's claims of defamation, libel, and slander.

Accordingly, it is recommended that Defendants' motion for summary judgment (ECF No. 60) be GRANTED as to Plaintiff's retaliation claim, abuse of process claim, and defamation, libel and slander claims; and DENIED as to Plaintiff's Eighth Amendment claim and assault and battery claim.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  April 27, 2018

                                                  /s/ Timothy P. Greeley  
                                                  TIMOTHY P. GREELEY  
                                                  UNITED STATES MAGISTRATE JUDGE