UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JAMES LINDSEY #256676,

    Plaintiff,

v.                                                                           Case No. 2:16-CV-30

RICK WERTANEN, et al.,                      HON. GORDON J. QUIST

    Defendants.

_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff, James Lindsey, who is currently on parole from the Michigan Department of Corrections, has sued Defendants, Rick Wertanen, Ty Hyatt, and Jody Karppinen, alleging a claim pursuant to 42 U.S.C. § 1983 that Defendants violated his rights under the Eighth Amendment when they unnecessarily and gratuitously inflicted pain on Lindsey while escorting him to a dental call out. Lindsey also alleges state-law claims of assault and battery. Lindsey's claims were tried to the Court on August 15, 2018. The Court heard testimony from Lindsey, Defendants, and non-party Corrections Officer Mike Waltanen and received exhibits from the parties.

The Court now issues its findings of fact and conclusions of law.

### FINDINGS OF FACT

The incident at issue occurred at Baraga Correctional Facility on June 12, 2014. On that date, Lindsey was scheduled for a dental call out. At approximately 9:30 a.m., Defendants Rick Wertanen and Ty Hyatt got Lindsey from his cell and escorted him to his dental call out. Lindsey was secured in handcuffs and belly chains but was not wearing leg restraints. Defendant Hyatt was holding the strap attached to the back of the belly chains.

Wertanen and Hyatt approached the door of the bubble with Lindsey and waited for bubble officer Waltanen to open the door. As they waited, Defendant Karppinen walked out of the commanding officer's office. Seeing Karppinen, Lindsey lunged at her, stating, "I'm going to get you now bitch," or words of similar effect. Wertanen stepped between Lindsey and Karppinen, told Lindsey "that's it, you're going back to your cell," and attempted to get control of Lindsey, but Lindsey kicked Wertanen in the groin. Hyatt pulled Lindsey back by the strap, and Hyatt and Wertanen both ordered Lindsey to get on the ground and stop resisting. Wertanen again attempted to gain control of Lindsey, but Lindsey kneed, or kneed at, Wertanen. At that point, Wertanen pulled out his personal chemical agent spray and administered a short burst to Lindsey's face. Hyatt eventually took Lindsey to the ground, but Lindsey continued to resist by attempting to get off the ground and attempting to bite Hyatt. Wertanen then administered a second burst of chemical agent to get Lindsey under control. At that point, other officers responded and restrained Lindsey's legs. The officers then escorted Lindsey back to his cell.

Following the incident, prison healthcare treated Lindsey for the injuries he sustained in the altercation. Wertanen and Hyatt were treated for their injuries at Baraga County Memorial Hospital. Karppinen did not call Lindsey a "baby raper" prior to the altercation, nor did she or any other Defendant say "let's do it" or words of similar effect immediately prior to the altercation. Neither Wertanen nor Hyatt kicked or punched Lindsey.

### CONCLUSIONS OF LAW

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishment" in the prison setting. U.S. Const. amend. VIII. Regarding the use of force, "only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084

(1986) (internal quotation marks omitted). Regardless of the circumstances, whenever a prison official is accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S. Ct. 995, 999 (citing *Whitley*); *see also Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (noting that although inmates may be expected to "endure relatively greater physical contact, the Eighth Amendment is nonetheless violated if the 'offending conduct reflects an unnecessary and wanton infliction of pain'" (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1993)).

An Eighth Amendment claim has both an objective and a subjective component. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014). "The objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324 (1991). In assessing this component, a court must consider the context in which the force was used, although "the extent of a prisoner's injury . . . is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 580–81. "'When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always are violated . . . [w]hether or not significant injury is evident.'" *Id.* at 581 (quoting *Hudson*, 503 U.S. at 9, 112 S. Ct. at 1000). As for the subjective component, in assessing whether a prison official had a culpable state of mind, courts should consider "such factors as the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted.'" *Whitley*, 475 U.S. at 321, 106 S. Ct. at 1085 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973)). Other factors include "the extent of the threat to safety of staff and inmates, as reasonably perceived by officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." *Id.*

Lindsey's claim fails on the subjective component. As Defendants Wertanen and Hyatt were escorting Lindsey, Lindsey lunged at Karppinen and threatened to harm her. The need for force was immediately apparent—Lindsey expressed an intent to harm Karppinen, who was nearby, and Lindsey realistically could have assaulted Karppinen even though he was in handcuffs and belly chains. When Lindsey failed to comply with the officers' orders and kicked Wertanen, Wertanen reasonably used his chemical spray to subdue Lindsey. Wertanen's second use of chemical spray on Lindsey after Lindsey was on the ground was likewise reasonable because Lindsey continued to resist and attempted to bite Hyatt. In short, Defendants applied force in a good-faith effort to restrain Lindsey and restore order.

Finally, because Defendants applied force in a good-faith effort to restore order, Lindsey's state-law assault and battery claims fail as well.

## CONCLUSION

In sum, Lindsey has failed to prove that Defendants violated the Eighth Amendment by "'maliciously and sadistically [applying force] for the very purpose of causing harm.'" *Whitley*, 475 U.S. at 320–21, 106 S. Ct. at 1085 (quoting *Johnson*, 481 F.2d at 1033).

An appropriate judgment will enter.


Dated: August 22, 2018	/s/ Gordon J. Quist
	GORDON J. QUIST
	UNITED STATES DISTRICT JUDGE